Johnson<br>v.<br>Marsh.

---

## Fuselier *v.* Spalding.

Where the burning of a brick kiln, erected near a dwelling, would expose the latter to danger from fire, besides seriously incommoding the occupants, the burning of the kiln may be prevented by injunction.

APPEAL from the District Court of St. Martin, *Overton*, J. *Brent*, for the plaintiff, cited C. C. arts. 852, 853, 860, 861, 862, 863. *Magill*, for the appellant. The judgment of the court was pronounced by

King, J. The plaintiff obtained an injunction prohibiting the defendant from burning a brick kiln, which the latter had erected near her dwelling house in the town of St. Martinsville, alleging that the security of her premises, and the health of herself and family, would be endangered, if the defendant were permitted to execute his purpose. The injunction was perpetuated in the court below, and the defendant has appealed. We think that the judge did not err. The plaintiff had a clear right to invoke the aid of a court in this form, to protect her property from an impending danger, and the health of herself and family from being impaired. The evidence, in our opinion, shows that the kiln could not have been burnt in the position where it stood without exposing the premises of the plaintiff, which were all of wood, to danger from fire, besides seriously incommoding, if not injuring the health, of the occupants.

*Judgment affirmed.*